IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID GERALD PETRUS,      §
    Petitioner,      §
        §
v.      §      C.A. NO. C-08-146
        §
NATHANIEL QUARTERMAN,      §
    Respondent.      §

## MEMORANDUM AND RECOMMENDATION TO SUMMARILY DISMISS PETITIONER'S HABEAS PETITION

Petitioner David Gerald Petrus is a state prisoner currently incarcerated at the Wynne Unit in Huntsville, Texas.  On May 7, 2008, he filed this habeas corpus action challenging an action by the Texas Board of Pardons and Paroles ("Parole Board").  (D.E. 1).  He claims that the Parole Board violated the terms of his plea bargain, rendering it void.  Id. at 7-7b.  On May 14, 2008, he was ordered to show cause for not dismissing his claim as an abuse of the writ.  (D.E. 5).  On May 29, 2008, he filed a response.  (D.E. 6).  For the reasons given below, it is respectfully recommended that this petition be summarily dismissed for lack of jurisdiction, or in the alternative for lack of merit.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d

959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 36th Judicial District

Court in San Patricio County, Texas, and therefore, jurisdiction is proper in this

Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner has sought federal habeas relief on several prior occasions, as

documented in his petition.  On October 4, 2000, he filed a petition challenging his

conviction and sentence on double jeopardy grounds.  Petrus v. Johnson, No. C-00-

397, Docket Entry #1 at 7.  On February 2, 2001, that petition was dismissed as

untimely.  Id. at Docket Entry #13.

On March 27, 2006, petitioner filed a second petition, arguing that the Parole

Board violated the terms of his plea bargain by not granting him parole.  Petrus v.

Quarterman, No. C-06-140, Docket Entry #1 at 7.  He explained that

> On December 2, 1991, Petitioner, per a plea bargain ...
> entered a plea of nolo contendere to aggravated sexual
> assault and indecency with a child in exchange for two
> (2) twenty (20) year sentences to be served concurrently
> and a deleted affirmative finding on the use of a weapon.
> On January 12, 2005, the State breached the terms and
> conditions of the plea bargain agreement ... through the
> action of the Texas Board of Pardons and Paroles using
> the ... deleted allegation that petitioner used a weapon ...
> in their decision to deny him parole and set his next
> parole date for 07/2006.

Id. at 7-7a (internal citations omitted) (emphasis in original).  He reasoned that his

guilty plea had thus become void.  Id. at 7a.  In support of his claim, he attached

2

the relevant parole decision, which read:

> You have been denied parole for the reason(s) listed below:
>
> 2D.  THE RECORD INDICATES THAT THE INMATE COMMITTED ONE OR MORE VIOLENT CRIMINAL ACTS INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS; THE INSTANT OFFENSE OR PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE INMATE POSES AN UNDUE THREAT TO THE PUBLIC; THE RECORD INDICATES USE OF A WEAPON.

Id., Ex. 2.[1]

On November 20, 2006, respondent filed a motion for summary judgment. Id. at Docket Entry #18.  Petitioner replied on December 15, 2006.  Id. at Docket Entry #23.  On January 21, 2007, the magistrate judge recommended that his petition be dismissed.  Id. at Docket Entry #24.  Specifically, it was recommended that petitioner had no protected interest in parole, id. at 10-11, that he failed to show any promise to delete a finding regarding use of a weapon, id. at 15, and that the notice did not show that use of a weapon was a factor in the Parole Board's

---

[1] This boilerplate language is used when the board denies parole due to the nature of the offense.  See http://www.tdcj.state.tx.us/bpp/what_is_parole/reasons.htm.  The Parole Board explains that "[o]ne or more of the listed reasons may apply, but only one is required for approval (A) or denial (D)."  Id.; see also Petrus, No. C-06-140, Docket Entry #24 at 14 & n.1.

denial.  Id. at 14.  On February 7, 2007, this recommendation was adopted, and a

certificate of appealability denied.  Id. at Docket Entry #26.  On February 11, 2008,

the Fifth Circuit denied a certificate of appealability.  Id. at Docket Entry #44.

On May 7, 2008, petitioner filed this habeas action.  (D.E. 1).  He claims that

the Parole Board breached the State's agreement with him by finding that he used a

weapon:

> The trial records ... will clearly reveal, per a plea bargain
> agreement ... on October 29, 1991, that Petrus plead nolo
> contendere ... in exchange for two (2) twenty (20) year
> sentences to be served concurrently [or probation] ...
> Neither the charging Indictment nor the Stipulation and
> Judicial Confession ... included an allegation and/or
> admission that Petrus used a weapon in the commission
> of his offenses.....
> Thereafter, on April 11, 2007, the State breached the
> terms and conditions of the plea bargain agreement
> through the actions of the Texas Board of Pardons and
> Paroles having determined that his record indicated an
> affirmative finding regarding the use of a weapon, and
> made use of such finding by presenting it to a parole
> panel for its consideration.  (See: Exhibit #2 NOTICE OF
> PAROLE PANEL DECISION attached hereto).

Id. at 7-7b.  The Parole Board's notice of the denial again lists the use of a weapon

as one of three possible factors:

> You have been denied parole for the reason(s) listed
> below:
> One or more components indicated in each paragraph
> listed below may apply, but only one is required.

> 2D.   THE RECORD INDICATES THAT
> THE INMATE COMMITTED ONE
> OR MORE VIOLENT CRIMINAL
> ACTS INDICATING A
> CONSCIOUS DISREGARD FOR
> THE LIVES, SAFETY, OR
> PROPERTY OF OTHERS; THE
> INSTANT OFFENSE OR PATTERN
> OF CRIMINAL ACTIVITY HAS
> ELEMENTS OF BRUTALITY,
> VIOLENCE, OR CONSCIOUS
> SELECTION OF VICTIM'S
> VULNERABILITY SUCH THAT
> THE INMATE POSES AN UNDUE
> THREAT TO THE PUBLIC; THE
> RECORD INDICATES USE OF A
> WEAPON.

Id., Ex. 2.  In response to the Court's order to show cause, petitioner argues that his petition is not successive:

> The predicate for Petrus's previous § 2254 application, Civ. No. C-06-140, arose from a state action that occurred on January 12, 2005.... The predicate for Petrus's [sic] instant § 2254 application, Civ. No. C-08-146, arises from a different Texas Board of Pardons and Paroles panel acting on April 11, 2007, under different rules, using different language in their NOTICE OF PAROLE PANEL DECISION document to erroneously justify their determination that his conviction included an affirmative finding that he used a weapon in the commission of his crime for which he was convicted, and was filed in federal district court on May 7, 2008.

(D.E. 6, at 1-2).

5

### III.  STANDARD OF REVIEW

Rule 4 of the Rules Governing § 2254 Cases states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  It authorizes dismissal of non-meritorious claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See, e.g., Byrne v. Butler, 847 F.2d 1135, 1137 (5th Cir. 1988) (per curiam) (pursuant to Rule 4, petitioner is not entitled to relief for patently frivolous petition); Resendez v. McKaskle, 722 F.2d 227, 230 (5th Cir. 1984) (Rule 4 "gives a district court authority to order a *sua sponte* dismissal").

To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'"  Advisory Committee Note, Rule 4, Rules Governing § 2254 Cases (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); Flowers v. Blackburn, 779 F.2d 1115, 1119 n.5 (5th Cir. 1986); see also Barnes v. Quarterman, No. 4:07-CV-511, 2007 WL 2719869, at * 1 (N.D. Tex. Sept. 18,

6

2007) (unpublished) (dismissing petition where successive nature was "apparent from the face of the instant petition and court records of which this court can take judicial notice").

## IV.  DISCUSSION

**A.     Second or Successive Petition.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."  Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  This Court has no jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit.  28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

A petition "is not 'second or successive simply because it follows an earlier federal petition.'"  United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). Rather, a petition "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'"  Id.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  Key, 205 F.3d at 774 (citing Cain, 137 F.3d at 235).

The Supreme Court has explained that "[t]he phrase 'second or successive' is not self-defining.  It takes its full meaning from our case law, including decisions predating the enactment of [AEDPA]."  Panetti v. Quarterman, _ U.S. _, 127 S. Ct. 2842, 2853 (2007) (citations omitted); accord Hardemon v. Quarterman, 516 F.3d 272, 275 (5th Cir. 2008) (citing Crone, 324 F.3d at 837).  In the leading pre-AEDPA case on second petitions that do not raise any new legal claims, Sanders v. United States, 373 U.S. 1 (1963), the Supreme Court explained the standard for determining a petition was successive:

> Controlling weight may be given to denial of a prior
> application for federal habeas corpus ... only if (1) the

> same ground presented in the subsequent application was
> determined adversely to the applicant on the prior
> application, (2) the prior determination was on the merits,
> and (3) the ends of justice would not be served by
> reaching the merits of the subsequent application.

<u>Id.</u> at 15.  The <u>Sanders</u> Court further explained that the term "ground" should be

interpreted broadly:

> By "ground," we mean simply a sufficient legal basis for
> granting the relief sought by the applicant.  For example,
> the contention that an involuntary confession was
> admitted in evidence against him is a distinct ground for
> federal collateral relief.  But a claim of involuntary
> confession predicated on alleged psychological coercion
> does not raise a different "ground" than does one
> predicated on alleged physical coercion.  In other words,
> <u>identical grounds may often be proved by different</u>
> <u>factual allegations ... or vary in immaterial respects.</u>

<u>Id.</u> at 16 (emphasis added).  The <u>Sanders</u> decision was subsequently codified in 28

U.S.C. § 2244(b), as amended in 1966, and in Rule 9(b) of the Rules Governing

§ 2254 Cases, adopted in 1976.  <u>See</u> <u>Paprskar v. Estelle</u>, 612 F.2d 1003, 1005 &

1006 n.11 (5th Cir. 1980); <u>see also</u> Advisory Committee Note, Rule 9, Rules

Governing § 2254 Cases (1976).[2]

---

[2] While Rule 9 has been amended to reflect AEDPA's certification requirement for
successive petitions, no other substantive changes were thereby intended.  <u>See</u> Advisory
Committee Note, Rule 9, Rules Governing § 2254 Cases (2004).  Moreover, AEDPA does not
appear to have changed the criteria for determining whether a second petition bringing the same
claims is "second or successive."  <u>Compare</u> 28 U.S.C. § 2244 (1996) <u>with</u> 28 U.S.C. § 2244
(1995) (both pre-AEDPA and post-AEDPA have the same language that does not require courts
to entertain applications "if it appears the legality of such detention has been determined ... on a
prior application for a [federal] writ of habeas corpus...."); <u>see</u> <u>also</u> <u>Schlup v. Delo</u>, 513 U.S. 298,

In accordance with the Sanders rule, courts have applied the bar on successive petitions when prisoners challenge different parole decisions on grounds already determined to be without merit in a prior habeas action.  See, e.g., Benchoff v. Colleran, 404 F.3d 812, 817-18 (3rd Cir. 2005) (petition challenging third denial of parole was second or successive; claim could have been raised after petitioner received one of the "identically phrased denials of parole" forming factual basis for petition); Ware v. Carey, 204 Fed. Appx. 657, 658 (9th Cir. 2006) (per curiam) (unpublished) (petition is successive where "none of the claims ... is unique to [the latest parole proceeding] or reflects intervening changes in the law," and claims were addressed on merits in earlier petition) (citations omitted).  In these limited circumstances, the successive denials of parole are not new grounds for relief because every material fact was available at the time the earlier petition was filed.  Courts have also applied similar reasoning to dismiss second petitions bringing new claims, and to find claims time-barred.  See In re Marsch, 209 Fed. Appx. 481, 483-84 (6th Cir. 2006) (unpublished) (petition challenging 2004 denial of parole because the board relied on allegedly inaccurate version of facts surrounding crime was successive; petitioner did not show that parole board relied on different information in parole denials in 1992 or 2000, and thus factual

---

345-46 (1995) (discussing history of § 2244) (Scalia, J., dissenting).  It is therefore respectfully recommended that the Sanders rule still applies.

predicate of claim was known when he filed first habeas petition challenging

conviction in 2000); Smith v. Grubbs, 42 Fed. Appx. 370, 371 (10th Cir. 2002)

(unpublished) (rejecting argument that each of four denials of parole was a new

factual predicate for purposes of AEDPA's limitations period where petitioner

alleged same ground for relief in connection with each); Wolfe v. Diguglielmo,

Civ. Action No. 06-5261, 2008 WL 544645, at *4 n.6 (E.D. Pa. Feb. 25, 2008)

(unpublished) (where petitioner was denied parole four times on same grounds, and

brought same legal challenges to each denial, successive denials were not

"necessary factual predicate" to petitioner's claims) (citing Benchoff, 404 F.3d at

818).

The Fifth Circuit has also recognized that petitions challenging different

parole decisions can be "second or successive."  In the pre-AEDPA case United

States v. Tubwell, 37 F.3d 175 (5th Cir. 1994), the Fifth Circuit affirmed the

dismissal of a petitioner's first challenge to a second parole board decision as

successive. Id. at 178.  The petitions attacked different parole proceedings;

however, in spite of this "additional factual development, ... the legal issue

remain[ed] the same." Id. at 177.  The petitioner thus "failed to raise a new ground

for *habeas* relief, thereby constituting an abuse of the writ under

§ 2244(a)." Id. (italics in original).  More recently, the Northern District of Texas

has applied the bar against successive petitions to sentence administration claims that were, for all practical purposes, adjudicated in connection with a challenge to an earlier proceeding.  See, e.g., Wooderts v. Warden FCI Seagoville, No. 3:07-CV-0335, 2008 WL 245286, at *2 (N.D. Tex. Jan. 29, 2008) (unpublished) (dismissing successive petition that presented same argument and was, "for all purposes, identical to the claim addressed [in an earlier federal petition]"); Ortloff v. Fleming, No. Civ.A. 4:02-CV-749, 2003 WL 21246098, at *2 (N.D. Tex. Apr. 24, 2003) (unpublished) (where petitioner brought same legal challenges to two successive denials of parole, claims were successive because they did not assert "direct and specific challenges to actions taken by the parole commission relative to [the second denial]"); Ortloff, 2003 WL 21246098 at *8 ("although [petitioner] claims to be challenging the Commission's 2001 decision ... in actuality he is attempting to raise the same grounds for relief that he raised in his prior § 2241").

Petitioner points out that his last federal petition attacked a different parole decision.  (D.E. 6, at 1).  However, as he admits, he also attacked the earlier denial on the grounds that it violated the terms of his plea bargain.  (D.E. 1, at 4c).  This Court has already concluded that petitioner has no liberty interest in parole, and cannot challenge the board's decision.  See Petrus v. Johnson, No. C-06-140, Docket Entry #24, at 10, adopted Docket Entry #26.  There has been no

intervening change in the law.  Similarly, the Court has concluded that the language in Parole Board's notice does not establish its reliance on any finding that a weapon was used.  Id. at 14.  Moreover, in the earlier action, petitioner failed to produce any evidence that the terms of his plea bargain were as alleged.  See id. at 24, at 14-15.  Finally, while petitioner has produced new evidence that he did not use a weapon in the commission of his crime, (D.E. 1, Ex. 5), this does not show that the parole board relied on any such finding.  See id. at Ex. 2.

Thus, despite his efforts to show otherwise, petitioner brings no challenge to the legality of his detention that was not determined on his prior federal habeas application.  See 28 U.S.C. § 2244(a).  Applying AEDPA's bar against second or successive petitions would thus not subject him to a risk of "forever losing [his] opportunity for any federal review" of his parole-related claims.  See Panetti, 127 S. Ct. at 2854 (explaining that courts should interpret § 2244(b) with respect to AEDPA's purposes) (citations omitted); see also Castro v. United States, 540 U.S. 375, 381 (2003) (resisting interpretation of AEDPA that would "close our doors to a class of habeas petitioners seeking review without any indication that such was Congress' intent.").  It is therefore respectfully recommended that this petition is "second or successive," and that the Court lacks jurisdiction to consider it.

This Court may either dismiss the claim without prejudice pending review

13

by a three-judge panel of the Fifth Circuit, or the Court may transfer the successive

petition to the Fifth Circuit to determine whether petitioner should be allowed to

file the successive motion in the district court.  See 28 U.S.C. § 2244(b)(3)(A); see

also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d

364, 365 (5th Cir. 1997) (per curiam) (approving practice of transferring

successive motions to the Circuit and establishing procedures in the Circuit to

handle such transfers); United States v. Fisher, 264 F. Supp.2d 468, 470 (N.D. Tex.

2003) (dismissing without prejudice motion to modify a § 2255 petition so

petitioner could seek leave from the Fifth Circuit).  Because petitioner's motion

presents neither argument nor evidence indicating that he will be able to make a

prima facie showing that his application satisfies AEDPA's requirements,[3] it is

respectfully recommended that petitioner's claims be dismissed without prejudice.

## B.     Petitioner Fails to Establish a Protected Liberty Interest in Parole.

In the alternative, it is respectfully recommended that petitioner's claim is

without merit.  The Fifth Circuit has determined that "there is no constitutional

---

[3] Petitioner must demonstrate to the Fifth Circuit that his claim relies on a new rule of
constitutional law made retroactive to cases on collateral review by the Supreme Court that was
previously unavailable; or that the factual predicate of the claim could not have been discovered
previously through the exercise of due diligence and the facts underlying the claim, if proven and
viewed in light of the evidence as a whole, would be sufficient to establish by clear and
convincing evidence that, but for constitutional error, no reasonable factfinder would have found
the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

expectancy of parole in Texas." <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); <u>accord</u> <u>Green v. Johnson</u>, 160 F.3d 1029, 1044 (5th Cir. 1998) ("Texas law does not confer a fundamental right to parole.") (citing <u>Madison</u>, 104 F.3d at 768). Indeed, "it is entirely speculative whether an inmate will actually obtain parole inasmuch as there is no right to be released on parole." <u>Madison</u>, 104 F.3d at 768 (citation omitted). Because petitioner has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." <u>Orellana v. Kyle</u>, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam); <u>see</u> <u>also</u> <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 308 (5th Cir. 1997) ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). Even if a parole board fails to comply with applicable rules and guidelines, a prisoner's custody is not necessarily illegal. <u>See</u> <u>Brown v. Lundgren</u>, 528 F.2d 1050, 1052-53 (5th Cir. 1976) ("[T]he mere expectation of parole release while still in otherwise lawful custody is not so vested as to result in a 'grievous loss' if denied by the parole board.").

It is respectfully recommended that because there is no constitutional right to parole in Texas, petitioner has failed to state a claim which entitles him to federal

15

habeas relief.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition for writ of habeas corpus, (D.E. 1), be summarily dismissed as an abuse of the writ.

17

Alternatively, it is respectfully recommended that petitioner's claim be dismissed for lack of merit.  Finally, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 25th day of June 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).